UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC W. SCHOFIELD as Father and
Natural Guardian of E.D.S., a minor,

    Plaintiff,

v.                                              CASE NO. 8:18-cv-31-T-02JSS

SURAJ PROPERTIES, INC., *et al.*,

    Defendants.
_____/

## ORDER GRANTING ATTORNEYS' FEES
## AND COSTS TO PLAINTIFF

This matter comes before the Court upon the motion by Plaintiff, the minor E.D.S. (Eric D. Schofield referred to here and at trial as "Eric, Jr.") for attorneys' fees. The Court received written submissions in support of Eric, Jr.'s motion (Dkt. 79) as well as a Response (Dkt. 88) and Reply (Dkt. 90). The Court also had the benefit of a hearing on the matter on August 14, 2019.

The Court grants judgment for attorneys' fees to movant Eric Jr. in the amount of $23,000.

*The Court's General Impression of the Trial and this Motion*:

This was a four-day jury trial involving wages and overtime sought by the movant Eric Jr., a high school student, his father Eric Sr.[1], and his father's girlfriend[2]. The three separate lawsuits by these three Plaintiffs were consolidated for trial. The Defendants were the low-end motels and the motel owners where the plaintiffs lived together and claimed they worked. Part of the wage remuneration for Eric Jr.'s father was rent at the motel. The three plaintiffs claimed they did janitorial, housekeeping, yard-work, etc. at the motels, and sought overtime wages under the Fair Labor Standards Act, 9 U.S.C. § 203, and unpaid hourly wages under the Florida Minimum Wage Act. Fla. Stat. § 448.110. Both father Eric Sr. and his girlfriend lost their jury trials against the Defendant motels.

Eric Jr. impressed the undersigned as a well-mannered young man, and he made a good witness. The jury found that he worked ten hours per week at the motels during the (partial) calendar year 2017, which resulted in $3,483.00 in unpaid Florida minimum wages on Eric Jr.'s claim under the Florida Minimum Wage Act. Fla. Stat. § 448.110(6)(a). The Court has entered a judgment for Eric, Jr. in the amount of these wages, doubled under Fla. Stat. § 448.110(4)(c)(1) for statutory "liquidated damages" to a total judgment in Eric Jr.'s favor of $6966.00.

---

[1] *Eric Scofield, Sr. v. Suraj Properties, et. al.*, No. 8:18cv30-T-02JSS.

Dkt. 76. Because Eric, Jr. received this judgment after overcoming defendants' legal and factual defenses, the Court finds him to be the "prevailing party" in his trial.[3] This amount of the judgment was a small fraction of what Eric Jr. asked the jury for. Initially Eric Jr. sought minimum wages plus overtime for five years, which was partly reduced by pretrial Order. At trial, the jury found one year's liability [actually a partial year—2017], and a greatly reduced amount of hours per week with no overtime. Eric Jr. is entitled to attorneys' fees under the Florida Minimum Wage Act. *Id.* at § 448.110(6)(c)(1). He seeks $98,532.50 in attorneys' fees.[4]

***Calculating the Lodestar:***

The "lodestar" is simply the rate times the amount of time worked. The reasonable rate and number of hours are contemplated using the familiar *Johnson v. Georgia Highway* factors.[5] The Court agrees that the rates sought, $275 and $200

---

[2] *Amanda Lewis v. Suraj Properties, et. al.*, No. 8:18cv42-T-02AEP.
[3] The Court declines defendants' request to be declared the prevailing parties in Eric, Jr.'s case, Dkt. 82. Having secured a judgment on the merits in his suit, plaintiff Eric, Jr. is a "prevailing party." *Buckhannon Bd. And Care Home, Inc. v. Virginia Dept. of Health and Human Resources,* 532 U.S. 598 (2001); *Farrar v. Hobby*, 506 U.S. 103 (1992).
[4] The movant originally sought $100,872.50 in fees, but then conceded in the Reply that $2,340 could be subtracted. Dkts. 79, 90.
[5] *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir. 1974); *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994): 1) the time and labor required; 2) novelty and difficulty of issues; 3) skill required to perform the services properly; 4) the preclusion of other employment; 5) the customary fee; 6) whether fee is fixed or contingent; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the lawyers; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases.

per hour for the one lead trial counsel, and $175 per hour for the second trial lawyer, are not unreasonable.

As to the work done, and hours spent, the jury trial lasted just under four full days. Plaintiffs stated at the fees hearing that they spent approximately $230,000 in fees all told, for the three plaintiffs in the three consolidated trials. In contrast, the sole defense counsel incurred just half that time, under $116,000 in attorney time, inclusive of all three plaintiffs and claims. Dkt. 82-1. Eric Jr. here seeks for his own case fees of $98,532.50, about the same fees that the defense spent to defend all three cases.

It seems only fair to apportion the plaintiffs' fees among the three separate plaintiffs for whom the claimant lawyers prosecuted the three consolidated trials. Each of the three consolidated suits was tried at the same time, and the Court agrees that just trying Eric Jr.'s case alone would have taken several days. But he was only one-third of the claimants, and his father's suit was the driving force behind the prosecution. Eric Jr. moved into the hotels as a very young boy, and did not start helping out doing yard work, etc. for several years. In contrast, father Eric Sr. moved to the Bartow motels from south Florida expressly for this job, and Eric Sr.'s duty was the main focus of the case. The Court believes that the total fees, some $230,000 according to plaintiff's counsel at the hearing, should be split into thirds,

with Eric Jr.'s one-third share, and the presumptive lodestar for Eric Jr., being $76,666.67.

That the plaintiffs used two counsel for this short trial is not itself problematic, so long as the time claimed can be understood and determined to be non-duplicative. "A reduction is warranted only if the attorneys are unreasonably doing the same work." *Johnson v. Univ. of Ala. Birmingham,* 706 F.2d 1205, 1208 (11th Cir. 1993). The duty to explain and present non-duplicative, clearly described tasks is the burden of the claimant. But this task is impeded here due to block billing. For example, when prime trial counsel seeks 7.8 hours of payment for "Trial preparation" on April 27, 2019, or 8.2 hours of payment for "Trial preparation" the next day, it is entirely unclear what was done or why. Dkt. 79-1 at 4. A full descriptor might have taken the biller 30 more seconds to write out contemporaneously, but now we know nothing and have no idea what was done—other than defendants should pay for it.

Secondary trial counsel block billed in the identical generic, indecipherable manner on dates such as March 20, 21, 27, 28, 29, April 5, 8, 9, 11, 12, 15, 16, 17, 18, 22, 23, 25, 27, 28, 29. Dkt. 79-2. Simply generically stating "trial preparation" and seeking thousands of dollars daily in reimbursement with a block claim of 8.0 hours, or 14.0 hours does not allow anyone to see what has been done, and does not

permit a reviewer to determine if Lawyer One is duplicating Lawyer Two. Even the paralegal seeks reimbursement for $960 daily on April 29, 30 and May 1 and May 2, simply with a generic entry: "trial." Did the paralegal sit and watch the trial, go to the break room and just drink coffee, or manage exhibits and prepare witnesses for the lawyers? No one knows.

"[B]lock billing makes [review of bills] unnecessarily difficult." *Kearney v. Auto-Owners Ins. Co.,* 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010). "It also 'warrants reduction of the number of hours claimed in the attorneys' fee motion.'" *Id.* In *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) the Supreme Court counseled that attorneys should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."

A single time entry, and a generic descriptor obscures the amount of time spent on a particular task. This is especially problematic here, where the Court must determine if two trial lawyers in a short trial duplicated each other's work unnecessarily. Accordingly, the Court reduces the presumptive lodestar of $76,666.67 by 25% to account for extensive block billing: to $57,500. *Galdames v. N.D. Inv. Corp.,* 432 F. App'x 801, 807 (11th Cir. 2011) (block billing 20% reduction); *Kearny, supra,* (denying and reducing fees due to block billing); *see also Gundlach v. NAACP, Inc.,* 2005 WL 2012738 at *4 (M.D. Fla. 2005)("Given

6

the block billing "Preparation for trial" catch-all Plaintiff used on the invoice . . . a reduction in the amount of thirty percent is appropriate because of lack of documentation . . . and to offset redundancy").

***Reduction for Level of Success:***

This was not a public interest or civil rights case. In those type of cases, the level of success often is not judged entirely by the resulting money verdict, and attorneys' fees in those matters often compensate for public, or more inchoate victories. In contrast, this was basically a mercenary dispute with three Plaintiffs seeking money from their landlord and putative employer in this consolidated trial. The theme of Plaintiffs' case was that the greedy Defendants ran dilapidated old roadhouse motels and took advantage of the Plaintiffs who were indentured by circumstances to live there and work. The case was not successful overall. Two of the three Plaintiffs failed to prevail, and Eric Jr. prevailed only on a fraction of what he claims. Defendants argue that Eric Jr. prevailed on less than 10% of all his claims overall, and the pretrial claims of Eric Jr. and his unsuccessful co-plaintiffs made settlement impossible.

A very difficult lawyering skill that takes years to develop is case intake assessment. This intake assessment, ab initio, turned out to be flawed and that flaw lies upon the lawyers now claiming fees.

The plaintiff Eric Jr. did wrest slightly under $7000 in wages (once doubled post-trial) out of a resisting employer, and Eric Jr. is entitled to fees under the statute. The Eleventh Circuit eschews a flat arithmetical formula like a set multiplier for reasonable fees. *Cullens v. Georgia Dept. of Transportation,* 29 F.3d 1489, 1492–93 (11th Cir. 1994). However, especially in non-civil rights, non-public interest cases, the "district court has wide discretion. We know that the amount of damages is relevant." *Id.* "Results obtained" is an "important factor" according to the Eleventh Circuit and the Supreme Court. *Id.,* at 1492 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434, 440 (1983).) The Eleventh Circuit has repeated the Supreme Court's admonition that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.*; *Collens*, 29 F.3d at 1492.

So ordained, the Court reduces the adjusted lodestar of $57,500 attorneys' fees by 60% to $23,000.00 to account for Eric Jr.'s poor result of the $3483 jury verdict (doubled by the court post-judgment to $6,966 per the Florida statute). The Court views this fee award as quite favorable to Eric Jr. In this regard, the Court takes a lesson from *Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir. 2011). There the Eleventh Circuit remanded a fee award of four times judgment, noting that the district court failed to consider plaintiffs' minimal success in

8

granting such a fee. *Id.* The Court noted that "this was not a civil rights action. As noted, the best—and perhaps only—measure of plaintiffs' success on their . . . claims as their monetary damages award." *Id.* With *Andrews*' admonition, a fee award to Eric Jr. at this level appears appropriate, and is a boon to him, indeed. The basis for this reasoning is as stated above, but also when one considers the *Johnson Highway* factors, the lodestar is overstated in light of the thin result.[6]

Accordingly, the Court grants Plaintiff's motion for attorneys' fees (Dkt. 79) and denies Defendants' motion for attorneys' fees (Dkt. 82). Judgment will be entered in Eric Jr.'s behalf against the Defendants, jointly and severally, for attorneys' fees of $23,000. Final entry of judgment will await the costs calculation, which is pending.

**DONE AND ORDERED** at Tampa, Florida, on August 21, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**: Counsel of Record

---

[6] Plaintiffs' time and labor involved was about twice that of defense counsel, who handled the case solo with a better result; the issues were not novel or difficult; the skill required to perform the tasks was normal for competent lawyers; there is no evidence other employment was precluded; the fee was standard; there was no apparent time limitations imposed by the client or other circumstances; the amount involved was relatively small by federal trial standards and the results obtained were unfavorable; the ability of plaintiffs' two young lawyers was competent but no special skill was needed or present; there is no indication the case was "undesirable;" the lawyers' professional relationship with the clients was unremarkable; awards in similar cases have not been provided in this record.